## THOMAS J. DUNBAR *vs.* CITY OF BOSTON.

A constable and deputy collector, in serving a warrant for the collection of taxes, is a public officer, and not a servant of the city; and if he illegally arrests the person named in the warrant, who thereupon pays under protest a tax legally due, the person so paying cannot maintain an action against the city to recover it back.

CONTRACT to recover the amount of a tax paid by the plaintiff after and under arrest, and under protest.

Trial in the Superior Court, before *Brigham*, C. J., without a jury, who ruled that the action could not be maintained, and found for the defendant. The plaintiff alleged exceptions, by which it appeared that he admitted the tax was due, but claimed the arrest was illegal because the warrant included taxes assessed and due for four several years, and because the constable and deputy collector who served the warrant arrested him instead of first searching for goods to distrain.

*C. S. Lincoln*, for the plaintiff.

*J. P. Healy*, for the defendant.

BY THE COURT. It is admitted that the taxes, to recover back which this suit is brought, were legally assessed and were due from the plaintiff to the defendant. The constable and deputy collector, to whom the warrant was committed for service, arrested the plaintiff, who thereupon paid the taxes under protest. The only ground upon which he seeks to maintain this suit is that such arrest was illegal.

We have not deemed it necessary to consider this question, because, if the arrest was illegal, the plaintiff cannot maintain this action. The constable and deputy collector, in serving the warrant, did not act as the servant or agent of the city, but as a public officer of the law. If he exceeded his authority, the remedy of the plaintiff is in a suit against him; but the city is not responsible, and the plaintiff cannot maintain an action against it for damages, nor to recover back the money paid. *Buttrick* v. *Lowell*, 1 Allen, 172. *Kimball* v. *Boston*, 1 Allen, 417. *Rossire* v. *Boston*, 4 Allen, 57. *Exceptions overruled.*