### HELEN C. PRINCE *vs.* CITY OF LYNN.

Suffolk.    March 7, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*City of Lynn — Charter and Ordinance — Superintendent of Streets —*
*Agency — Negligence.*

The charter of the city of Lynn (St. 1850, c. 184,) confers the power in § 8 upon its city council, as it may by ordinance determine, to "appoint or elect all subordinate officers, not herein otherwise directed, for the ensuing year, define their duties, and fix their compensations, in cases where such duties and compensations shall not be defined and fixed by the laws of this Commonwealth"; and the street ordinance of the city of 1879 provides, in § 26, that there shall be elected by ballot "a superintendent of streets, who shall perform the duties and exercise the powers of a surveyor of highways under the statutes of the Commonwealth," and that "he shall continue in office until removal, or until a successor be chosen and sworn to the faithful performance of his duty", and in § 27, that the superintendent of streets shall perform his duties "under the

care and direction of the mayor and aldermen." *Held,* that the superintendent of streets of that city is a public officer, for whose negligence while performing his official duties it is not liable.

TORT for personal injuries sustained by the plaintiff while travelling upon a highway in the defendant city, through its alleged negligence or that of its agents or servants. Trial in the Superior Court, before *Hammond,* J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*H. F. May,* for the plaintiff.

*J. W. Berry,* for the defendant.

DEVENS, J. The plaintiff seeks in an action of tort at common law to recover damages against the defendant for the alleged negligence of the superintendent of streets of the city of Lynn in making certain repairs in one of the streets in that city, by which negligence she was injured while lawfully using such street. Conceding the general proposition that a town is not responsible for the acts of public officers while engaged in the performance of their duties as prescribed and regulated by the statute, she contends that the case at bar comes within that class of cases in which it has been held that a town is responsible when, assuming for itself the conduct and management of work such as that in which the superintendent was engaged, it intrusts the work to agents of its own whom it directs and controls. *Walcott* v. *Swampscott,* 1 Allen, 101. *Hawks* v. *Charlemont,* 107 Mass. 414. *Deane* v. *Randolph,* 132 Mass. 475. *Waldron* v. *Haverhill,* 143 Mass. 582. *Doherty* v. *Braintree,* 148 Mass. 495.

By the charter of the city of Lynn, the power, in such manner as its city council may determine by any by-law made for the purpose, to " appoint or elect all subordinate officers, not herein otherwise directed, for the ensuing year, define their duties, and fix their compensations, in cases where such duties and compensations shall not be defined and fixed by the laws of this Commonwealth," was conferred upon the city council. St. 1850, c. 184, § 8. Such superintendent was duly elected under the street ordinance of the city of 1879, § 26, which provided that there should be elected by ballot " a superintendent of streets, who shall perform the duties and exercise the powers of a surveyor of highways under the statutes of the Commonwealth. He shall con-

tinue in office until removal, or until a successor be chosen and sworn to the faithful performance of his duty." Although the ordinance had given this officer the name of superintendent, he was still a surveyor of highways, whose powers and duties were defined by reference to the statutes of the Commonwealth. It was under the authority thus given him that he was acting in repairing the streets when the alleged injury to the plaintiff occurred. The laborers employed were hired by him, and no evidence was offered that in doing that in which he was engaged he was proceeding under any express vote of the city or any immediate direction from its officers. By § 27 of the same ordinance of the city, it is provided that the superintendent shall perform his duties " under the care and direction of the mayor and aldermen," etc.; and it is the contention of the plaintiff, that by reason of this fact the city has created a new officer, who is its agent, and not merely adopted a mode of filling an existing statutory office. The expenditure of the money intrusted to highway surveyors for the repair of highways in towns is to be under the direction of the selectmen, yet it has been held that this does not render the highway surveyor the less a public officer. The performance of the work, the control and direction of the laborers is still his. Pub. Sts. c. 52, § 3. *Walcott* v. *Swampscott,* 1 Allen, 101. *McKenna* v. *Kimball,* 145 Mass. 555. *Clark* v. *Easton,* 146 Mass. 43. *Pratt* v. *Weymouth,* 147 Mass. 245. The mere fact that the mayor and aldermen may give such general direction as shall cause the money intrusted to the superintendent to be judiciously expended, does not make the city responsible for his acts while performing the duties required of him by law in the repair of the highways. That " the care and direction of the mayor and aldermen " was only that which is contemplated by the Pub. Sts. c. 52, § 3, and that there was no purpose thereby of assuming to control the superintendent in the performance of his work, is clearly shown by the ordinance, which concludes, " and the city shall not be responsible for any of his acts that have not been ordered by the city council or the board of mayor and aldermen, or sanctioned by express vote."

Nor are we of opinion that, because, while the ordinance provides for the annual election of superintendent of streets, it also

provides that " he shall continue in office until removal, or until a successor be chosen and sworn to the faithful performance of his duty," this officer has been made an agent of the city. Whatever may be the effect of this provision as to the tenure of the office, the superintendent whose conduct has here been brought into question was regularly chosen to perform the duties and exercise the powers of a surveyor of highways. In the performance of these duties and the exercise of these powers, he was subjected to the responsibilities of a public officer, and was not the agent of the city. It is not necessary to discuss whether he could lawfully have been removed during the term for which he was chosen, or whether his term of office could have been extended by the failure of the city council to choose his successor.                    *Exceptions overruled.*