TIMOTHY HENNESSEY *vs.* CITY OF NEW BEDFORD.

Bristol.    October 30, 1890. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Negligence — City — Mayor and Aldermen — Highway Surveyors — Superintendent of Streets.*

The mayor and aldermen of a city by its charter were made surveyors of highways, and by its ordinances were to perform, " in addition to their authority as surveyors of highways," a list of duties which repeated some of those prescribed by statute for highway surveyors. The city made a special appropriation for the repair of one of its highways, "and for no other purpose," with no directions as to its expenditure. The mayor and aldermen with a part of the money secured by a conveyance to the city the right for fifteen years to take gravel from a gravel bank; and the superintendent of streets, acting under their direction, proceeded to make the contemplated repairs with gravel therefrom. A laborer employed by him in the digging was injured through his negligence. *Held*, in an action against the city to recover for such injuries, that the mayor and aldermen were acting as surveyors of highways in making the repairs; and that the laborer could not recover for his injuries.

TORT, for personal injuries occasioned to the plaintiff by the caving in of a gravel bank, through the alleged negligence of the defendant city or that of its agents and servants. At the trial in the Superior Court, before *Staples*, J., the following facts were agreed.

The charter of the defendant city, as amended by the St. of 1871, c. 180, provided, in § 1, that the mayor and aldermen should " perform all the duties and be subject to all the liabilities of highway surveyors." The ordinances of the city (c. 14) relating to the street department provided, in §§ 1, 2, that the mayor and aldermen, " in addition to their authority as surveyors of highways under the laws of the Commonwealth," should perform certain enumerated duties including some of those prescribed in the statute relating to highway surveyors, and, in § 3, that the superintendent of streets should, "subject to the control and direction of the mayor and aldermen," in addition to his other duties, have the general care and charge of the highways of the city and of repairs made thereon. In July, 1886, the city council appropriated the sum of eight thousand dollars for the repair

of French Avenue, a highway which the city was bound to keep in repair, by the following vote: " Ordered, that a special appropriation of the sum of eight thousand dollars be and the same hereby is made for the purpose of repairing and improving French Avenue, and for no other purpose, and the finance committee are hereby authorized to raise said sum in such manner as they may deem for the best interests of the city, said sum to be included in the tax levy of the year 1887, if not otherwise provided for." Out of this appropriation the mayor and aldermen expended fifteen hundred dollars in the purchase of a gravel bank, and the owners thereof on July 31 conveyed by deed to the defendant city " the right to the gravel, and to take the same and use the same for its own purposes," to a certain level, for the term of fifteen years from the date of the deed. The superintendent of streets was directed by the mayor and aldermen to proceed with the repairs upon French Avenue, and proceeded to use the gravel for this purpose. The plaintiff, who was employed as a laborer by the superintendent, and whose wages were paid out of the appropriation for the repair of this avenue, was set to work by him with other workmen, under the direction of one Spooner, to dig out the gravel. The exact work in which the plaintiff was engaged at the time of the accident was in digging into the bank for the purpose of so forming the bank that it would fall, and thus leave the dirt in a condition to be shovelled into carts and carted on to the avenue for the repairs. This was done by digging into the bank two parallel chambers, and between these excavations leaving legs which supported the bank. These legs were then picked out, and the bank fell. In consequence of the incompetence of Spooner, and his failure to provide suitable safeguards and give suitable directions to the plaintiff, who was ignorant of the danger to which he was exposed, the plaintiff, while in the exercise of due care, was injured by the fall upon him of a portion of the bank.

Upon these facts the judge refused to rule, as matter of law, as requested by the defendant, that the defendant was not liable, and ordered a verdict for the plaintiff for a sum agreed upon, and reported the case for the determination of this court. If the ruling was wrong, the verdict was to be set aside and judgment entered for the defendant; otherwise, judgment was to be entered on the verdict.

*H. M. Knowlton & L. LeB. Holmes*, for the defendant.

*C. W. Clifford*, for the plaintiff.

KNOWLTON, J.  The only question which it is necessary to consider in this case is whether the facts show conclusively that the work in which the plaintiff was engaged was being done under the authority of the board of mayor and aldermen acting in their official capacity as surveyors of highways.  If so, he cannot recover.  *Walcott* v. *Swampscott*, 1 Allen, 101.  By virtue of the statute, they were in fact surveyors of highways, and under the ordinance they had certain duties to perform " in addition to their authority as surveyors of highways," although much that is included in the enumeration of these duties is also included in the statutes which define the duties of highway surveyors.

Section 3 of the Pub. Sts. c. 52, is as follows :  " Towns shall grant and vote such sums of money as are necessary for making and repairing highways and town ways, and such money shall be carefully and judiciously expended in making and repairing said ways by the road commissioners, or by the surveyors of highways, each in his own district when the town is divided into highway districts, and in such cases under the direction of the selectmen."  The city of New Bedford specially appropriated eight thousand dollars " for the purpose of repairing and improving French Avenue, and for no other purpose," and made no provision as to how or by whom it should be expended.  It therefore became the legal duty of the mayor and aldermen, acting as surveyors of highways, to expend it.  In what they did, they will be presumed to have acted under the law, in the absence of anything to show the contrary.  In the first place, they took fifteen hundred dollars from this appropriation and bought with it a right to get a certain quantity of gravel from a gravel bank.

From the facts that this money was taken from an appropriation which could lawfully be used for no other purpose than the repair and improvement of French Avenue, and that the gravel was afterwards being used on that avenue, no other inference can be drawn than that the gravel was bought to be used there.  It is not inconsistent with that inference that the deed is silent in regard to the use which is to be made of the gravel, and that the right of the city to take it continues for fifteen years.  No suggestion is made that this was not a reasonable and proper method of procuring materials for the purpose, and the propriety of get-

ting materials in such ways is recognized in the Pub. Sts. c. 49, § 99. The extension of time within which the gravel might be taken beyond the period necessary for making the specific repairs contemplated by the appropriation might have been properly incidental to a purchase which was reasonable in reference to the requirements of French Avenue alone, but which might furnish some surplus gravel for subsequent use in other places. At all events, it has no tendency to show that the purchase was not made in an attempt by the surveyors of highways " carefully and judiciously " to expend the money in making repairs and improvements on French Avenue, as they were required to do by the provisions of the statute above quoted.

On the facts agreed, we are of opinion that there is nothing which would have warranted the jury in finding that the mayor and aldermen were acting otherwise than as surveyors of highways in causing this gravel to be dug out for use on French Avenue. See *Barney* v. *Lowell*, 98 Mass. 570; *Prince* v. *Lynn*, 149 Mass. 193.                    *Judgment for the defendant.*