WILLIAM H. PETTINGELL *vs.* CITY OF CHELSEA.

Suffolk.     January 10, 1894. — May 18, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Liability of Municipal Corporation.*

A city is not liable, at common law or under St. 1887, c. 270, to a person in its employ who, in the exercise of due care, is injured by the breaking of a pole to which were attached the wires of the fire signal system of the city, although the pole broke because it was "negligently constructed, cared for, maintained, and placed" in its position.

TORT, for injuries sustained by the plaintiff while in the employ of the defendant. The declaration alleged that, on June 25, 1891, the plaintiff was employed by the defendant as a lineman upon a fire signal system established by it; that on that day while in the exercise of due care and under the direction and order of the defendant, its servants and agents, and in the course of his employment, he ascended a pole to which were attached the wires of the signal system ; and that the pole was by the defendant, its servants and agents, so negligently constructed, cared for, maintained, and placed in the position it occupied, that it broke while the plaintiff, without knowledge of its condition, was upon it, and fell to the ground, carrying him with it, and injuring him.

There was also a count under St. 1887, c. 270. The defendant demurred, on the ground that the declaration set forth no legal cause of action.

The Superior Court sustained the demurrer, and directed judgment for the defendant; and the plaintiff appealed to this court.

*M. T. Allen,* for the plaintiff.

*D. E. Gould,* for the defendant.

FIELD, C. J.   This is an appeal from an order of the Superior Court sustaining a demurrer to the plaintiff's declaration and directing judgment for the defendant. The declaration contains two counts, the first at common law and the second under St. 1887, c. 270. The demurrer is general, but the point is not

taken that the second count contains no allegation that notice of the time, place, and cause of injury was given to the defendant.

We assume that St. 1887, c. 270, may apply to cities and towns. See *Connolly* v. *Waltham*, 156 Mass. 368 ; *Conroy* v. *Clinton*, 158 Mass. 318. But the statute in terms only gives to an employee who has received personal injury from the causes described in the first three clauses of the first section, or to his legal representatives in case the injury results in death, " the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer, nor engaged in its work."

The question then is whether a city is responsible in damages to any person who, in the exercise of due care, is injured by the breaking of a pole to which were attached the wires of the fire signal system of the city, if the pole broke because it was " negligently constructed, cared for, maintained, and placed " in its position. The special authority of the city of Chelsea to establish a fire department is found in St. 1881, c. 200, § 16.

In *Hafford* v. *New Bedford*, 16 Gray, 297, it was held that the city was not liable for the negligence of the members of a fire department established by the city council pursuant to an act of the Legislature. In that case the alleged negligence consisted in the members of the fire department carelessly driving a hose carriage against the plaintiff in a public highway during an alarm of fire.

In *Fisher* v. *Boston*, 104 Mass. 87, the plaintiff was injured by the bursting of hose connected with a fire engine, which was alleged to have been defective and to have been negligently used at a fire by members of the fire department. It was held that the city was not liable. In the opinion it is said : " In the absence of express statute, therefore, municipal corporations are no more liable to actions for injuries occasioned by reason of negligence in using or keeping in repair the fire engines owned by them, than in the case of a town house or a public way." See *Tainter* v. *Worcester*, 123 Mass. 311.

The present case, we think, comes within the general doctrine declared in *Hill* v. *Boston*, 122 Mass. 344, viz.: " That no private action, unless authorized by express statute, can be maintained

against a city for the neglect of a public duty imposed upon it by law for the benefit of the public, and from the performance of which the corporation receives no profit or advantage."

*Judgment affirmed.*