PATRICK MCCANN *vs.* CITY OF WALTHAM.

Middlesex.     January 21, 1895. — March 26, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence of Superintendent of Streets — Liability of City — Employers' Liability Act.*

The charter of a city created a board of street commissioners, and in terms took away the power of the city to superintend and direct the board in detail. By an ordinance of the city the street commissioners were to perform the duties and to have the powers of road superintendents and surveyors of highways, and were to appoint a superintendent and an assistant superintendent, who should be under their direction and control. A person was injured, through the alleged negligence of the assistant superintendent of streets, by the falling upon him of a bank while digging gravel from the city's land to be used in repairing one of its streets. *Held*, that he could not maintain an action against the city for his injury.

HOLMES, J. This is an action for personal injuries caused by the fall of a bank upon the plaintiff while he was digging under it. He seeks to charge the defendant, under St. 1887, c. 270, on the ground of the negligence of the assistant superintendent of streets. We assume that the statute applies to cities, but it does not change the law of agency. See *Pettingell* v. *Chelsea*, 161 Mass. 368. Therefore the plaintiff cannot re-

cover, even if in other respects he has made out a case, if the superintendent of streets was a public officer, as that phrase has been used in the cases, and was acting as such at the time.

We must take it that the superintendent was acting officially in the ordinary way, and that there were no special circumstances which made him an agent and servant of the city for the time being, if he was not so by reason of his office. The work was being done by men of the street department, and consisted of digging gravel to be carried to Orange Street, where the superintendent was repairing the public street. It is true that the gravel was dug from land belonging to the city, and we will assume that the removal of the gravel by lowering a knoll made the land more valuable. The plaintiff offered evidence to that effect, which was excluded, but in our opinion it makes no difference in the result. It remains also true that the work in its immediate character was repairing a street, and the fact that the city accidentally was able to derive an incidental advantage from it does not change the principles to be applied. *Curran* v. *Boston*, 151 Mass. 505.

The charter of the city of Waltham required the board of aldermen to elect three street commissioners. St. 1884, c. 309, § 23. It also provided that " the board of aldermen may by its orders and ordinances prescribe the duties of and direct and control the administrative boards and officers in the performance of their duties; but shall not, through its committees or otherwise than by such formal acts, exercise any authority over the administrative officers." § 15. Thus the board of street commissioners is created by statute, and the power of the city to superintend and direct it in detail is taken away in terms. By the ordinance attached to the bill of exceptions, the street commissioners are to perform the duties and to have the powers of road superintendents and surveyors of highways, and they are to appoint a superintendent, and on certain conditions an assistant superintendent, who shall be under their direction and control. The superintendent and assistant superintendent are only the hands of the street commissioners, and a part of the organization which as a whole takes the place of a surveyor of highways. As is well known, a town is not answerable for the acts of surveyors of highways. The case is unlike *Waldron* v. *Haver-*

*hill,* 143 Mass. 582, where the superintendent acted under the direction of a committee of the city council, and the city was considered to be performing work by means of agents of its own.   Here the defendant's position is quite as strong as it was in *Prince* v. *Lynn,* 149 Mass. 193, or *Hennessey* v. *New Bedford,* 153 Mass. 260.   See also *Pratt* v. *Weymouth,* 147 Mass. 245, 254; *Walcott* v. *Swampscott,* 1 Allen, 101.

*Exceptions overruled.*

*H. N. Allin & G. L. Mayberry,* for the plaintiff.
*C. M. Ludden,* for the defendant.