### PATRICK H. KELLEY *vs.* CITY OF BOSTON.

Suffolk.    January 12, 13, 1904. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Municipal Corporations.*

A city is not liable for an injury caused by snow and ice negligently thrown from the roof of its city hall by men employed by its superintendent of public buildings, if the whole building is used and occupied for municipal purposes, although portions of the building are used by the water, sewer and other departments.

TORT for injuries to an awning, extending from the plaintiff's premises on City Hall Avenue in Boston, alleged to have been caused by snow and ice negligently thrown from the roof of the city hall of that city. Writ in the Municipal Court of the City of Boston dated March 14, 1902.

On appeal to the Superior Court the case was tried before *Richardson*, J., who upon an agreed statement of facts ordered judgment for the plaintiff in the sum of $45 ; and the defendant appealed.

By the agreed facts it appeared that the men who threw the snow and ice from the roof of the city hall were employed by the superintendent of public buildings, who was appointed by the mayor under St. 1895, c. 449, § 22, and who by the Revised Ordinances of Boston of 1898, c. 32, was given supervision of the condition of public buildings belonging to the city. The manner in which the building was used and occupied by the city is stated in the opinion.

The case was argued at the bar in January, 1904, before *Knowlton*, C. J., *Lathrop*, *Barker*, *Hammond*, & *Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*P. Nichols*, for the defendant.

*P. H. Kelley, pro se.*

LATHROP, J. It is familiar law that if the city hall was used exclusively for the performance of duties imposed upon the defendant by statute, this would exempt the city from liability for the negligence of those to whom the care and custody of the building was intrusted; and the plaintiff seeks to hold the defendant liable principally upon the ground that a portion of the building was occupied by the water department, the city collector, and the superintendent of streets who has charge of several divisions, including the ferry division and the sewer division. The agreed facts state that the city hall was erected under authority of the General Statutes and belongs to the defendant; that it is used for the meetings of the city council and for offices of the various municipal departments. The agreed facts further state that none of the above named departments, meaning the water department and those mentioned in connection therewith, pay any rent for the use of their rooms in the city hall.

The argument for the plaintiff is that because of this occupation by several departments which collect money for the city the defendant is liable as any private person. But no case has gone to this extent. All of the departments mentioned are strictly municipal departments of the city, and must be housed by the city. The only cases in which a city has been held liable on account of the occupation of a city hall is where it lets a substantial portion of it for hire and a person invited to an entertainment therein is injured by a defect. *Oliver* v. *Worcester*, 102 Mass. 489. *Worden* v. *New Bedford*, 131 Mass. 23. *Little* v. *Holyoke*, 177 Mass. 114. This is not so in the case before us.

It is not a correct proposition of law that because a city derives some incidental gain and advantage from the use of a public building, the city is therefore responsible. Thus in *Curran* v. *Boston*, 151 Mass. 505, it was held that the defendant was not liable for personal injuries occasioned to an inmate of

its house of industry, by the negligence of the officers and servants employed by the board of public institutions to administer its affairs, although at the time such inmate was engaged in labor from which the city derived a profit. And in *McCann* v. *Waltham*, 163 Mass. 344, the defendant was held not to be liable for the negligence of its superintendent of streets, though the city derived some benefit. See also *Taggart* v. *Fall River*, 170 Mass. 325; *Mahoney* v. *Boston*, 171 Mass. 427; *Murphy* v. *Needham*, 176 Mass. 422.

It is true that a city has been held liable for the negligent acts of an employee of the water department, whereby a person who has a contract with the city to supply water to him is injured, but this is because of the contract to supply water and for no other reason. *Stock* v. *Boston*, 149 Mass. 410. *Merrimack River Savings Bank* v. *Lowell*, 152 Mass. 556, 560. It by no means follows that because the city hall is in part occupied by the water department, the city is liable in this case. The same remarks apply to the sewer department, and the other departments mentioned.

It is not contended that the city hall is not a municipal building because it was built under a statute which allowed the city to build it, rather than under a compulsory statute. Nor could it be so contended since the case of *Tindley* v. *Salem*, 137 Mass. 171. See also *Fisher* v. *Boston*, 104 Mass. 87; *Benton* v. *Boston City Hospital*, 140 Mass. 13; *McCann* v. *Waltham*, 163 Mass. 344; *Taggart* v. *Fall River*, 170 Mass. 325; *Murphy* v. *Needham*, 176 Mass. 422.

*Judgment for the defendant.*