POSTAL TELEGRAPH-CABLE COMPANY *vs.* CITY OF WORCESTER.

Suffolk.    March 19, 1909. — May 22, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations.    Public Officer.    Worcester.    Wires.    Equity Pleading and Practice,* Amendment, Terms of reservation, Parties.

Under St. 1902, c. 372, providing in § 1 that the city council of the city of Worcester may by ordinance designate some officer or officers of the city who shall have exclusive authority to cause all telephone, telegraph and certain other wires to be removed from the streets and placed underground, and in § 7 making the mayor and aldermen of the city a board of appeal for persons aggrieved by any act or decision of such officer or officers, such officers, when thus designated by ordinance, are public officers of the Commonwealth and are not agents of the city, and the mayor and aldermen, when acting as a board of appeal under the statute, are not agents of the city but act as a *quasi* judicial board of officers.

A suit in equity cannot be maintained against the city of Worcester to enjoin it from causing certain telegraph wires to be placed underground by authority of the provisions of St. 1902, c. 372, as the city of Worcester has no power to enforce the provisions of that statute.

Where a suit in equity was brought against a city relating to a matter in which certain public officers had exclusive jurisdiction, and the bill was dismissed by a single justice of this court who reported the case for determination by the full court, with the reservation that if the ruling of the single justice was correct, the bill was to be dismissed, otherwise, that such order or decree was to be entered as justice required, the counsel for the plaintiff suggested at the argument before the full court, that if the suit was brought against the wrong party, the terms of the report should be disregarded and the plaintiff should be allowed to amend his bill before a single justice. This suggestion first was made in a supplemental brief of the plaintiff after the defendant's brief had been filed. *Held*, that the terms of the report should be followed, and that the bill should be dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 18 and amended on November 25, 1908, by the Postal Telegraph-Cable Company of Massachusetts, a corporation organized under the laws of this Commonwealth, against the city of Worcester, to enjoin the defendant from compelling the plaintiff under the provisions of St. 1902, c. 372, to remove its line of telegraph from its present location in a certain district of that city and to place it underground.

The case came on to be heard before *Sheldon*, J. The plaintiff read the pleadings and a statement of certain facts which were agreed to by the parties. The plaintiff then offered evidence in support of the allegations of its bill. Thereupon the defendant contended that upon the allegations of the bill and the facts agreed upon the bill could not be maintained, and moved that it be dismissed.

In response to an inquiry of the justice as to whether the defendant rested its case, the defendant stated that it did. The justice thereupon refused to permit the plaintiff to put in evidence in support of the allegations of its bill, and ruled that upon those allegations, and the facts as agreed upon, the bill could not be maintained, and ordered that the bill be dismissed. He reported the case for determination by the full court. If the ruling of the single justice was correct, the bill was to be dismissed; otherwise, such order or decree was to be entered as, under the circumstances, the law required.

*G. P. Wardner,* (*C. H. Walker* with him,) for the plaintiff.

*E. H. Vaughan,* for the defendant, submitted a brief.

KNOWLTON, C. J.   By the St. 1902, c. 372, provision is made for the removal of wires and electrical appliances from the public

streets in the central portion of the city of Worcester. The act authorizes a designation by ordinance of an officer or officers of the city, who are given full power and authority and are directly required by the statute to carry out the provisions under which these wires and appliances are to be removed from the streets, and placed underground. The city itself is not authorized to take any action in regard to the removal of any of these wires or appliances, other than to designate by ordinance the officer or officers that the statute calls for. These officers, when designated, are public officers, who derive their power and authority from the statute, and are not subject to direction or control by the city in any way. They represent the Commonwealth, for the public good. The city is not responsible for their acts nor liable for their omissions. There is a long list of decisions in which this doctrine, in its application to similar officers, has been established and maintained by this court. *McGinnis* v. *Medway*, 176 Mass. 67. *Dunbar* v. *Boston*, 112 Mass. 75. *Buttrick* v. *Lowell*, 1 Allen, 172. *Kimball* v. *Boston*, 1 Allen, 417. *Rossire* v. *Boston*, 4 Allen, 57. *Tindley* v. *Salem*, 137 Mass. 171, 174. *McCarthy* v. *Boston*, 135 Mass. 197, 200. It is not material that the designation of the officers is required to be by city ordinance. In *Fisher* v. *Boston*, 104 Mass. 87, 93, Mr. Justice Gray said: "It makes no difference whether the Legislature itself prescribes the duties of the officers charged with the repair and management of fire engines, or delegates to the city or town the definition of those duties by ordinance or by-law. However appointed or elected, such persons are public officers, who perform duties imposed by law for the benefit of all the citizens, the performance of which the city or town has no control over, and derives no benefit from in its corporate capacity. The acts of such public officers are their own official acts, and not the acts of the municipal corporation or its agents." This is even more plainly true of the officers acting under the statute before us.

It is not material on this point that there is a right of appeal from these officers to the mayor and aldermen. The mayor and aldermen, in dealing with such an appeal, would not be the agents of the city, but would act as a *quasi* judicial board of officers, as they do in most cities in laying out streets and sewers and in the performance of some other public duties.

The suit before us is a bill in equity to obtain an injunction against the city of Worcester, to restrain it " from enforcing or endeavoring to enforce . . . the provisions of chapter 372 of the Acts of 1902," etc. A board of officers has been designated by ordinance by the city council of Worcester, in accordance with the terms of the statute. Upon the presentation of an agreed statement of facts and an offer of other evidence by the plaintiff, the single justice ruled that, upon this statement and the offer of evidence, the bill could not be maintained, and he reported the case to the full court. If the ruling was correct, the bill was to be dismissed; otherwise, such order or decree was to be entered as the law required. The city of Worcester has no power to enforce the provisions of this statute, or to compel the plaintiff to remove its line of telegraph wires from its present location in the city, and place it or any portion of it underground. For the reasons stated above, the city is not a proper party to a proceeding for such relief as the plaintiff seeks. The ruling was correct and the bill must be dismissed.

Many other questions of law have been raised and argued by the parties, which we have no occasion to consider. It does not appear on what ground the ruling was made by the single justice, nor is it important to know. It may have been made upon different grounds. The plaintiff's counsel suggests that, if the suit is brought against the wrong party, the terms of the report should be disregarded and the report discharged, and the plaintiff be given an opportunity to amend before a single justice. This suggestion was not made until after the defendant's brief had been filed, and it first appears in the plaintiff's supplemental brief. We are of opinion that the terms of the report should be followed. A decision in this case will not affect the rights of the parties in a suit brought against other defendants, and, if an amendment were allowed in this case, no progress could be made against such defendants without giving them an opportunity to be heard, as upon the filing of a new bill.

*Bill dismissed.*