Sanborn, J.
This is an action to recover damages resulting from a collision of a truck owned by the plaintiff Sims, and operated by one Ferraro, and. a truck owned by the defendant town and operated by one Walter R. Adams. The report in this action applies to three other cases arising out of the same collision, one by the above named plaintiff against Adams, and actions by Ferraro against the Town of Franklin, and against Adams. There was evidence tending to show that the accident happened on an icy road which had been ploughed out to a width of about fifteen feet: that the plaintiff truck was proceeding up a 15% grade, and as the defendant’s truck approached, the *320 plaintiff’s truck was turned partly into a snow bank at its right side of the road and was nearly at a stop when the collision occurred: that the defendant’s truck was loaded with a cord of green oak wood, and as it came down the icy grade, its speed was reduced and as it neared the plaintiff’s truck it skidded into it and damaged it.
With reference to the use to which the defendant’s truck was then being put, the report states as follows:
“Adams, the driver of the Town truck is employed as Superintendent of Town Infirmary and takes his orders from the Board of Public Welfare, one of which orders was to haul cord wood cut by PWA workers from the woodlot which the Town had acquired in 1933 for purpose of harvesting 4000 cords of fuel for the almshouse and outside poor and also the poor chargeable to other towns and the State for which a charge of $6.00 per cord to outside poor was made and which the Court found was in part a commercial undertaking. This load of wood was to be delivered to one of town dependents against whom no charge was made. The evidence further showed that the Infirmary had been and was being used in part for the support of persons not chargeable to the defendant town for which a charge was made.”
The Court found for the defendant in all four cases.
The questions of law presented to this Court by the disposition of the plaintiff’s requests for rulings, in the actions against Adams, relate to the sufficiency of the evidence of negligence on the part of the defendant and of contributory negligence on the part of the operator of the Sim’s truck, while in the actions against the town of Franklin, in addition to these questions of negligence there is the more fundamental question of whether there is any liability on the part of the defendant town for the acts of its agents or servants under the circumstances set forth in the report.
*321 That the town had the right and authority under the General Laws to provide and maintain an almshouse for persons in need, and to there receive and care for the poor of other towns, and to make a charge therefor, and that the Board of Public Welfare is the proper legal authority to administer such relief, is unquestioned. G. L. Ch. 117, §1, 2. The sole question is whether the care and support for compensation, of the poor for whose support other communities are responsible, and the sale of wood to such outside poor renders this such a commercial undertaking on'' the part of the town as to make it liable for the tortious acts of its servants or agents.
In Bolster vs. Lawrence, 225 Mass. 387, Mr. Chief Justice Bugg has set forth in a comprehensive opinion citing many decisions the principles upon which a municipality-may be held liable in tort. We quote from that opinion as follows: “The general principles of law by which claims for liability in tort against cities and towns must be determined are well established. The municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertak-' en voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments . . . On the other hand a municipality is answerable for the acts of its servants or agents in the conduct of functions voluntarily undertaken for its own profit and commercial in character, or to protect its corporate interests in its own way . . . The difficulty lies not in the statement of the governing principles of law, but in their application to particular facts. The underlying test is whether *322 the act is for the common good of all, without the element of special corporate benefit or pecuniary profit. If it is, there is no liability: if it is not, there may be liability. ’ ’
The facts in the case before us are in many respects similar to those in the ease of Orlando vs. City of Brockton, 1936 Adv. Sh. Page 1725. In that case the injury complained of occurred in the transportation of wood under the supervision of the board of public welfare, to the city almshouse, where not only were the poor and indigent persons of the city admitted and cared for, but out of .town paupers were received, and a charge made for their support, and it was contended this latter fact made it an enterprise partly commercial in character and productive of profit to the city, which rendered the city responsible for the tortious acts of its agents.
The Court there said, “Where a comparatively insignificant income or benefit to a city incidentally results from the performance by public officers of a public duty, the dominating public character of their undertaking is not thereby changed and the city does not thereby become liable for negligence of such officers or their employees in the performance of that duty.” Curran vs. Boston, 151 Mass. 505, Taggart vs. Fall River, 170 Mass. 325; Bolster vs. Lawrence, 225 Mass. 387, and cases cited; Bartol vs. Boston, 259 Mass. 323; Hale vs. Williamstown, 1935 Adv. Sh. 2335.
The burden of proving liability, in other words the burden of proving the commercial character of the undertaking was upon the plaintiff. There is nothing in the report ■ to indicate that the income received by the town in connection with its administration of poor relief, was anything but insignificant, or that the dominating public character of the undertaking had been changed. „ The plaintiff has, therefore, failed to sustain the burden of proof, and findings were rightly made for the town. The reports in both cases against the Town of Franklin are dismissed.
*323 In the two cases against Adams, the operator of the town truck, the plaintiff’s requests for rulings relate solely to the questions of due care or negligence of the operators. These are questions of fact for the Trial Court, Bogert vs. Corcoran, 260 Mass. 206, Bagdazurian vs. Nathanson, 269 Mass. 386, Dodge vs. Town Taxi Inc., 281 Mass. 77, and cases cited, and such findings of fact are not open to review by this Court if they can be supported by any reasonable interpretation of the evidence including legitimate inferences therefrom. Moss vs. Old Colony Trust Co., 246 Mass. 139.
No findings of fact are reported, and the case presents an example of the difficulties that confront this Court when the basis of the rulings of the Trial Court cannot be determined with certainty.
The plaintiff by his request #12, asked for a ruling, “That the evidence is insufficient to warrant a finding that the operator of the plaintiff’s automobile was guilty of contributory negligence”. This request was denied and it is assumed by counsel for both parties that the Court found the defendant had sustained the burden imposed by G. L. Ch. 231, §85 of proving’ contributory negligence on the part of the plaintiff operator.
The evidence of the operation of the plaintiff’s truck as set forth in the report is as follows: ‘ ‘ The operator of the plaintiff’s truck, registration No. B-36258, testified that he was proceeding in second gear around a curve about five hundred feet from the point of collision and proceeding up a 15% grade, and upon seeing the defendant’s truck approaching, the plaintiff’s truck turned partly into the snow bank at its right of the road and was nearly at a stop when the collision occurred . . . The defendant’s passenger and the plaintiff’s driver testified that the Sim’s truck was way over to its right, part in the snow bank and nearly stopped at the time of collision.
*324 After the accident the driver, Adams, signed an Insurance Company report card in the presence of a police officer who read the contents of the card to him before signing as follows: £ £ This accident was not caused by any negligence on the part of the driver of the truck No. B-36258 and I hold him blameless for any damage done or personal injury sustained. Signed Walter B. Adams.”
Although briefs of both counsel refer to other evidence presented at the trial, the report contains nothing bearing on the due care of the operator of the plaintiff’s truck except the statements here quoted. From that evidence, the Trial Court was not warranted in finding contributory negligence.
The plaintiff’s requests numbered 14 and 15 are as follows
#14. The defendant was negligent in not knowing that on an icy slippery road on a down-grade with a heavy load, at the speed he was making, the sudden application of brakes would be likely to cause his ear to skid or slip.
#15. The defendant proceeding down an icy slippery grade with a heavy load at about 15 miles per hour, and seeing a truck approaching around the curve, was negligent by reason of his failure to keep his car to the right of the road and to bring his car to a stop.
On these requests the Court ruled as follows:
i# 14. Not applicable to facts found by me. Denied.
#15. Denied. I do not so find.
From these rulings, in the absence of specific findings of fact, it cannot be definitely determined whether the Court did or did not find negligence on the part of the operator, Adams.
The plaintiffs in the action of Sims vs. Adams, and Ferraro vs. Adams, are entitled to a new trial.
So ordered.