Sanborn, J.
This is an action of tort to recover for personal injuries resulting from the negligent operation of a motor vehicle by an employee of the City of Quincy. The operator of the truck was employed by the Highway De *196 partment of the City of Quincy and at the time of the accident, the truck was engaged in the work of highway repair and maintenance. It was agreed that the record include the following statement of law for the purposes of these proceedings:
‘ ‘ 1. That the Highway Department of the City of Quincy is under the supervision and control of its Commissioner of Public Works.
“2. The law pertaining to the authority and duty of the Commissioner of Public Works is contained in:
a. Acts of 1888, Chap. 34 (See old City Charter).
b. Greneral Laws (Ter. Ed.) Chap. 43, Sec. 5 (Said Chapter 43 being the ‘Plan A’ Charter now in effect in Quincy).
e. Revised ordinance of 1937 — City of Quincy— Chapter 19 (the present City Ordinance).”
There was evidence to warrant a finding of negligence on the part of the operator of the defendant’s truck.
The plaintiff filed the following requests for rulings:
“2. That an employee of the Highway Department of the City of Quincy is a servant or agent of said city.
‘ ‘ 4. There is a breach of the duty owed .by a municipality to a traveler upon its public way when he is negligently injured by an agent or servant of the city who is in the performance of his work, maintaining and repairing said ways.
“5. That a municipality is liable for the negligent injuries of a traveler upon its public way by its agents or servants who are employed to repair said ways and thus lessen its statutory liability for defects in said way.
“6. There is no exoneration of a municipality from liability for negligent acts of its public officers or employees in the performance of functions undertaken-to protect or benefit its corporate interests.
“7. The operation of a truck for the maintenance and repair work of highways is an act of a city furthering a matter in which it has a direct pecuniary interest because of its statutory liability for the defects in its public ways.
*197 “9. The maintenance and repair of highways by a city is an undertaking for the protection of its own corporate interests.
“11. The defendant’s agent as a matter of law was negligent.”
The .Court took no action upon the plaintiff’s request for rulings and found as follows:
“The defendant is not responsible in damages to the plaintiff. The work engaged upon when the plaintiff was injured was being performed under legislative mandate. The Court has followed the rule in the case of Bradley vs. City of Marlborough, 1936 A. S. 2365, and found for the defendant. ’ ’
The general principles of law which determine the liability in tort of municipalities is well established. Apart from Statute a municipality is not liable for the negligent acts of its officers and servants in the performance of strictly public functions imposed by mandate of the legislature or undertaken voluntarily by its permission, from the performance of which it receives no profit or advantage, because this “would involve the municipality in endless embarrassments and difficulties which would be subversive of public interests.” Bolster vs. Lawrence, 225 Mass. 387, and cases cited, Galassi Mosaic & Tile Co. vs. Boston, 1936 Adv. Sh. 1979-1986, Sloper vs. Quincy, 1938 Adv. Sh. 1281.
On the other hand, a municipality is answerable for the acts of its servants or agents in the conduct of functions commercial in character voluntarily undertaken for its own profit, or to protect or benefit its corporate interests in its own way, even though a public need is ultimately subserved. Hill vs. Boston, 122 Mass. 344, Butman vs. Newton, 179 Mass. 1, Orlando vs. Brockton, 1936 Adv. Sh. 1725.
The plaintiff in the case before us, stresses the responsibility of the municipality for damages caused by defects in *198 public ways, as well as the statutory penalty for neglecting to keep its ways reasonably safe for travelers, and argues that because of this responsibility, and because of its liability to a penalty the work was undertaken for its own profit or to protect or benefit its own interests, and the defendant city consequently had such a direct pecuniary interest in the work of repair that it may be held liable for the negligence of its employees.
The City of Quincy was incorporated under the provisions of Chap. 347 of the Acts of 1888, Section 34 of which provides that among the administrative officers for the City, there shall be a Commissioner of Public Works who shall have cognizance, direction and control, among other things, of the construction, alteration, repair, care and lighting of streets, ways and sidewalks, and that said Commissioner, shall in general---have exclusively, the powers and be subject to the duties, liabilities and penalties which may by law be given to or imposed upon road Commissioners of towns. These same provisions are contained in Chapter 19 of the Revised Ordinances of the City of Quincy and were in effect at the time of the plaintiff's injury. At that time the truck which caused the plaintiff’s injury was engaged in the work of highway repair and was operated by an employee of the Highway Department which department was admittedly under the supervision and control of the Commissioner of Public Works.
We are of the opinion this highway repair work was being performed under the supervision and control'of a public officer acting under legislative authority, and the defendant is not liable for injuries resulting from the negligent performance of such work. Jensen vs. Waltham, 166 Mass. 344, Bradley vs. Marlborough, 1936 Adv. Sh. 2365. The fact that the defendant city derives some incidental advantage by the work of highway repair, does not render it *199 responsible. McCann vs. Waltham, 163 Mass. 344, Kelley vs. Boston, 186 Mass. 165 and cases cited, Orlando vs. Brockton, 1936 Adv. Sh. 1725.
The trial court correctly found for the defendant.
Report dismissed.