·ATTORNEY GENERAL *vs.* FRANK B. STRATTON & others.

Essex.   November 8, 9, 1906. — February 11, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Municipal Corporations.   Board of Health,* Municipal.

In the cities and towns of this Commonwealth there is no power to remove public
    officers except that which is given by the statutes.
Public officers, even when elected by the voters of a ·town to perform statutory
    duties which involve the expenditure of money properly raised by local taxa-
    tion, are not the agents of the town.
The members of the board of health of a town cannot be removed by a vote of
    the inhabitants of the town.

KNOWLTON, C. J.   This is an information in the nature of a
*quo warranto* to require the respondents to show by what war-
rant and authority they exercise the office of members of the
board of health of the town of Swampscott.

It appears that the inhabitants of the town, at the annual
town meeting in March, 1906, which was called for many pur-
poses, and among others to hear and act upon the reports of
numerous town officers, including the report of the board of
health, appointed a committee of five voters to investigate the
doings of the board of health for the three municipal years then
ending, with authority to call for persons, books and papers, and
to employ counsel and a stenographer.   At an adjourned meet-
ing this committee made a report, with charges against the board
of health, which was accepted and adopted.   At this meeting
another committee was appointed to hear evidence upon the
charges against the board, and to report their findings of fact
and recommendations at an adjourned town meeting.   This
committee were authorized to employ counsel and engage a
stenographer, and were empowered to summon witnesses, and
call for an inspection of public records and private documents
and papers.   The committee made a report at an adjourned
meeting, finding the charges proved, and recommending the
adoption of resolutions removing the respondents from their
respective offices as members of the board of health, for mal-
administration and misfeasance in office.   The report was ac-
cepted and adopted, and resolutions were adopted in accordance

with its recommendations. The respondents did not recognize the authority of either of these committees, and did not appear before them, although each of the committees met the respondents at their office, and interrogated them in regard to their books, records and memoranda, which were there inspected.

The respondents also offered to show, at the hearing upon the information, that the committees were affected by bias and prejudice against them, such that their proceedings were not fairly conducted, and that the attempted removal of the respondents from their office was illegal by reason of other specified irregularities in connection with the meeting at which the vote of removal was passed. This offer of proof was rejected by the justice who heard the case. He ordered that the petition be dismissed, and reported the case to the full court. The justice made a memorandum of his findings and rulings as follows: "The members of the board of health are public agents invested with great public powers. Their term of office is prescribed by the Legislature. Each member holds his office for three years from the day following the meeting at which he is elected and until another is chosen and qualified in his stead. R. L. c. 11, § 338. I rule as matter of law that the power to shorten this term even for misconduct, official or otherwise, is not vested in the voters of the town in town meeting assembled, and, having so ruled, order that this petition be dismissed."

The question whether this ruling was correct is the only question presented in terms by the report. Although the general language of the reservation may be broad enough to authorize a dismissal of the petition on the ground that the vote of removal was void, because there was no article in the warrant which gave notice to the voters that such a subject was to be acted upon at the meeting, (see *Wood* v. *Quincy*, 11 Cush. 487, 495, *Matthews* v. *Westborough*, 131 Mass. 521,) we think it better not to dispose of the case on this ground, inasmuch as the term of office of neither of the respondents has yet expired. The three terms for which they were respectively elected will end in March, 1907, March, 1908, and March, 1909. The question expressly reserved has been fully argued, and, if not decided in this case, it may arise in subsequent proceedings against these respondents for the causes now existing.

It is contended by the informant that, at the common law, municipal corporations have an inherent power of amotion of their officers for misconduct.    This rule has been laid down in cases relating to certain municipal corporations in England. *Rex* v. *Richardson*, 1 Burr. 517.    *Lord Bruce's case*, Stra. 819. *Regina* v. *Ipswich Corp.* 2 Ld. Raym. 1232.    *Imperial Hydropathic Hotel Co.* v. *Hampson*, 23 Ch. D. 1, 7.    In this country the subject is generally regulated by legislation, although there are cases in which the above rule has been stated as applying to officers of municipal corporations, in the absence of *statutory* provision touching the subject.    *State* v. *Jersey City*, 1 Dutch. 536, 539.    *Richards* v. *Clarksburg*, 30 W. Va. 491.    *Ellison* v. *Raleigh*, 89 N. C. 125.    *Mayor of Savannah* v. *Grayson*, 104 Ga. 105. *State* v. *New Orleans*, 107 La. 632.    In other cases relating to corporations aggregate, not municipal, but having authority for their own government, the rule has been stated in general terms, although the decisions well might have been put on the ground of an original implied authority, given by the statute creating the corporations.    See *Fawcett* v. *Charles*, 13 Wend. 473, 476; *People* v. *Chicago Board of Trade*, 45 Ill. 114.    Whatever the rule may be in reference to municipal corporations in other parts of the country, we are of opinion that, in the cities and towns of Massachusetts, there is no power to remove public officers except that which is given by the statutes.    The difference between municipal corporations in England and towns in New England has been recognized in many cases.    The former often have many prescriptive rights, as well as special powers expressly or impliedly given in their charters, while the latter have only the powers conferred by statutes.    In *Stetson* v. *Kempton*, 13 Mass. 272, 278, Chief Justice Parker, referring to towns, said : " Their corporate powers depend upon legislative charter or grant; or upon prescription, where they may have exercised the powers anciently without any particular act of incorporation.    But, in all cases, the powers of towns are defined by the statute of 1785, c. 75."    In *Hooper* v. *Emery*, 14 Maine, 375, the court said : " ' The inhabitants of every town in this State are declared to be a body politic and corporate ' by the statute ; but these corporations derive none of their powers from, nor are any duties imposed upon them by, the common law."    In the opinion

by Mr. Justice Gray in *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121, 129, we find these words: " Towns in Connecticut, and in the other New England States, differ from trading companies, and even from municipal corporations elsewhere. They are territorial corporations, into which the State is divided by the Legislature, from time to time, at its discretion, for political purposes and the convenient administration of government; they have those powers only, which have been expressly conferred upon them by statute, or which are necessary for conducting municipal affairs; and all the inhabitants of a town are members of the *quasi* corporation." Similar language was used by the same judge in *Hill* v. *Boston,* 122 Mass. 344, 354, and in *Agawam* v. *Hampden,* 130 Mass. 528, 530, when Chief Justice of this court. See statements to the same effect in *Eastman* v. *Meredith,* 36 N. H. 284, and in *Ottawa* v. *Carey,* 108 U. S. 110, 121. Chief Justice Bigelow in *Walcott* v. *Swampscott,* 1 Allen, 101, referring to public officers chosen by towns under the requirements of a statute, said, " Towns cannot direct or control them in the performance of these duties; they cannot remove them from office during the term for which they are chosen; they are not amenable to towns for the manner in which they discharge the trust reposed in them by law." In the opinion in *Waldron* v. *Haverhill,* 143 Mass. 582, 584, Mr. Justice Charles Allen says of surveyors of highways chosen by the town, " they are independent of the town, and cannot be directed, or controlled, or removed from office by the town."

Our statutes contain provisions for the removal of certain public officers. In cities members of the board of health may be removed by the mayor for cause. R. L. c. 75, § 9. Assessors of a town, if they fail to perform their duties, may be removed, virtually, by an appointment by the county commissioners of three persons to act as assessors, who supersede those regularly elected. R. L. c. 11, § 358. This is so, even where the selectmen are acting as assessors under the statute which requires them so to act if no other assessors are elected. Registrars of voters may be removed under the R. L. c. 11, §§ 28, 29. The appointment of police officers may be revoked by the selectmen of the town in which they are appointed. R. L. c. 25, § 94; c. 108, § 15. Election officers may be removed by the select-

men of the town.  R. L. c. 11, § 173.  So may engineers of the fire department.  R. L. c. 32, § 38.  Licensing boards may be removed, although there is a right of review of the original proceedings by the Superior Court.  R. L. c. 100, § 4.  Provision is made for occasions when a treasurer or a collector of taxes is unable to perform his duties.  R. L. c. 11, § 359.  Against their misfeasance the town is protected by their bonds.  Sheriffs, registers of probate, district attorneys and clerks of the several courts may be removed by the Supreme Judicial Court.  R. L. c. 156, § 4.  Members of either branch of the Legislature may be expelled for cause by a vote of such branch.

It is significant that none of the provisions for removal of an officer of a town gives authority to the town, or to the voters in their corporate capacity, to deprive him of his office.  There are good reasons why such authority should not be vested in the inhabitants as a body.  It is plain that public officers generally should not be subject to removal except for a good cause.  If misconduct is alleged as a cause, there should be a trial to determine whether the accused is guilty.  The inhabitants of a town assembled in a town meeting cannot properly conduct such a trial.  If they attempt to do it by a committee, there is great risk that the members of the committee will not be well fitted for the performance of judicial duties.  Moreover, there is no provision of law whereby such a committee can compel the attendance of witnesses and the giving of testimony.  The committees appointed in this case were able to obtain only such testimony as was voluntarily given.  It is not strange that, in providing for the removal of certain town officers, the Legislature has always prescribed methods other than by a vote of the inhabitants of the town.

It has been held in a great many cases that public officers, even when elected by the voters of a town to perform statutory duties which involve the expenditure of money properly raised by local taxation, are not the agents of the town.  They represent the public, and are subject to control by the Legislature, or by such agencies as the Legislature provides for the purpose.  Their term of office is prescribed by the Legislature, and they can be removed only in accordance with the legislative will.

Ample provision is made for the filling of vacancies in town

offices.  R. L. c. 11, §§ 355 to 361.  If a person removes from a town, he thereby vacates any town office held by him.  R. L. c. 11, § 362.

Thus it is seen that the election of public officers, their removal from office, and the filling of vacancies have been the subjects of elaborate legislation.  There is no provision for the removal of members of the board of health in towns.  In the absence of any such provision we are of opinion that they cannot be removed by a vote of the town, either with or without a hearing before the town or a committee thereof.

*Information dismissed.*

*F. L. Simpson,* (*W. H. Niles* with him,) for the relators.
*J. H. Sisk,* (*R. L. Sisk* with him,) for the respondents.