### FRANCES A. KERR vs. INHABITANTS OF BROOKLINE.

Norfolk.    January 13, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Municipal Corporations. Nuisance. Way,* Public: defect. *Fireworks.*

A town, which, exclusively for the gratuitous amusement of the public, undertakes the celebration of the fourth day of July under the authority of R. L. c. 25 as amended by St. 1908, c. 91, providing that a town may appropriate money for that purpose, is not liable in an action by one who sustains personal injuries through the negligence of servants of the city in discharging fireworks from a public playground in conducting the celebration.

If a town undertakes exclusively for the gratuitous amusement of the public a celebration of the fourth day of July under the authority of R. L. c. 25 as amended by St. 1908, c. 91, providing that a town may appropriate money for that purpose, and its servants negligently discharge fireworks upon a public playground, the town cannot be said to be maintaining a nuisance so as to be liable to one injured because of such acts of its servants.

The setting off, by a town in conducting a celebration of the fourth day of July, of fireworks from a highway or across a highway is not a defect or want of repair in the way.

KNOWLTON, C. J.    This case comes before us on the plaintiff's appeal from an order * sustaining a demurrer to her amended declaration and an order of judgment for the defendant. The amended declaration contains numerous counts, which set forth in different ways her claim against the town for an injury

---

* By *Pierce*, J.

received from being struck by a rocket which was fired from a public playground as a part of the celebration of the fourth day of July. In most of its features the case is like *Tindley* v. *Salem*, 137 Mass. 171, and is covered by it. The giving of the display of fireworks by the town was under the same statutory authority as was considered in the case cited. The fact that the place where the rocket was set off was a public playground, instead of a public square of a city, does not affect the question of legal liability. The reason of the decision was that the work in which the city was engaged was conducted solely in the public interest and for the general benefit. The case was therefore held to be governed by *Hill* v. *Boston*, 122 Mass. 344. A reason lying deeper still is that a city can act only by officers, agents or servants. If there is negligence in the management of the business or in doing the work, it is that of the person or persons who represent the city. While it is reasonable that these individuals should be held liable for their negligence to any one injured by it, (see *Moynihan* v. *Todd*, 188 Mass. 301,) it is not thought to be reasonable that a municipality or a public officer, who is engaged upon a public work conducted for the benefit of the people and not for gain, should be held liable for the negligence of his servants or agents under the doctrine *respondeat superior.* The principle has been applied and discussed in other cases. *Moynihan* v. *Todd, ubi supra. Howard* v. *Worcester*, 153 Mass. 426. *Harrington* v. *Worcester*, 186 Mass. 594. *Lincoln* v. *Boston*, 148 Mass. 578. The principles enunciated in these decisions entirely cover the present case in every aspect of it that involves alleged negligence at common law.

The plaintiff contends that she can recover as for the maintenance of a nuisance. It is strongly intimated in *Lincoln* v. *Boston*, 148 Mass. 578, 580, that a landowner is not " liable for a transitory act of a third person, the scope of which cannot be enlarged by calling it a public nuisance, and which has in it no element of continuing use of the real estate." In the present case the town is not the owner of the playground in any ordinary sense. The property is held under the statute, solely for a public use. R. L. c. 28, § 19. St. 1910, c. 508. Then, too, the setting off of fire works on a single occasion does not create any permanent or continuing condition of the real estate, such

as creates a liability against a landowner, or a city or town in control of lands, in such cases as *Anthony* v. *Adams*, 1 Met. 284, 285, *Lawrence* v. *Fairhaven*, 5 Gray, 110, *Perry* v. *Worcester*, 6 Gray, 544, *Parker* v. *Lowell*, 11 Gray, 353, and *Wheeler* v. *Worcester*, 10 Allen, 591. The attempt to hold the town under the law of nuisance fails, because the case involves no elements of alleged wrong except ordinary negligence.

The plaintiff also seeks to hold the defendant under the statute in regard to defects in highways. The sending up of a rocket from a highway or across a highway is not a defect or want of repair in the way.

The case is somewhat like *Barber* v. *Roxbury*, 11 Allen, 318, in which it was held that a rope in a highway, drawn up by human agency, did not constitute a defect, although that case was much stronger for the plaintiff than the present one. In *Pratt* v. *Weymouth*, 147 Mass. 245, 252, it was held that a derrick standing in a highway, that fell on the plaintiff as he was passing, was not a defect in the way for which the town was liable. It has often been held that objects or sounds outside of a way, that frighten horses as they pass, are not defects in the way. We think it plain that the present case is not within the statute creating a liability for defects in ways.

In every aspect of the case the only ground of liability is the alleged negligence of the person or persons representing the town, and for this the town is not liable.

*Judgment affirmed.*

*E. M. Brooks*, for the plaintiff.
*C. A. Williams*, for the defendant.