ALEXANDER MYERS *vs.* CITY OF BOSTON.

Suffolk.    October 15, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Contract,* What constitutes.    *Actionable Tort.    Boston.    Municipal Corporations,* Officers and agents.

Neither the secretary of the board of park and recreation commissioners of the city of Boston nor the deputy superintendent of parks of that city nor both of them had authority to make, with one to whom by an agreement in writing the board with the approval of the mayor under St. 1897, c. 365, had granted the exclusive right and privilege to " let for hire beach chairs on Marine Park Beach, South Boston," a further agreement, that the city would store and take proper care of chairs of the licensee used in accordance with that privilege, unless, previous to making such further agreement, authority therefor has been given by proper action of the board and subsequent approval by the mayor.

The licensee under the privilege granted by the city of Boston and above described is not entitled to maintain an action of tort against the city for injury to chairs owned by him and used for the purpose of the privilege and stored in a building of the city under an arrangement, made between him and the secretary of the board of park and recreation commissioners and the deputy superintendent of parks, but not authorized by the board nor approved by the mayor.

TORT OR CONTRACT, with a declaration as amended in three counts, the plaintiff alleging in the first count that on November 1, 1920, the defendant without right entered the Head House, so called, at City Point in that part of Boston called South Boston, and removed therefrom certain chairs of the plaintiff which were stored there at that time under an agreement with the defendant and which in the summer season the plaintiff, under a contract in writing with the defendant, had the privilege of leasing on Marine Park Beach. The second count was for a conversion of the chairs by the defendant.  In the third count the plaintiff alleged that the defendant had agreed to care for the chairs for him and that the defendant neglected so to do.  Writ in the Municipal Court of the City of Boston dated December 28, 1920.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for a ruling to the effect that upon all the evidence in the case the plaintiff was not entitled to recover. The ruling was refused. The judge found for the plaintiff in the sum of $1,768. At the request of the defendant, a report to the Appellate Division was established. The Appellate Division entered an order, " Finding vacated, judgment for the defendant." The plaintiff appealed. ·

*S. A. Dearborn*, for the plaintiff.

*J. A. Campbell*, for the defendant.

PIERCE, J. This case is here on an appeal from a judgment for the defendant ordered by the Appellate Division of the Municipal Court of the City of Boston. The action was heard by a judge in that court upon three counts in the declaration — two in contract and one in tort. At the conclusion of the evidence the defendant " filed one request to the effect that upon all the evidence in the case the plaintiff was not entitled to recover." The trial judge refused to rule as requested and reported the case for the determination of the Appellate Division, which division, after hearing the parties and after an amendment of the record, " Ordered, that the clerk make the following entry . . . Order of judgment for defendant affirmed." From this decision the plaintiff appealed to this court.

Stated in their aspect most favorable to the plaintiff's contention, in substance the reported facts are as follows: On July 25, 1918, the defendant, acting by and through the chairman of the board of park and recreation commissioners, hereinafter called the board, and the plaintiff entered into a contract which was approved by the indorsement of the then mayor and corporation counsel and was entitled " Memorandum of Agreement." By this agreement the city of Boston, in consideration of $212, granted to the plaintiff for a period of three years commencing July 22, 1918, " the exclusive right and privilege to let for hire beach chairs on Marine Park Beach, South Boston, subject to " certain stated terms and conditions which were agreed to by the plaintiff, but which are not material to any issue

here presented. " At the time of the award " of the con-
cession, the plaintiff visited the office of the board and there
saw its secretary, one Byrne, and asked him where the chairs
were to be kept; he was told that they might be stored in
the Head House as no booths could be put up on the beach.
At the same time Byrne gave the plaintiff a key to the Head
House, which key has remained constantly in the possession
of the plaintiff. The legal representative of the plaintiff
in the conduct of the beach chair privilege visited the office
of the board and had a conversation with one Long, deputy
superintendent of parks, in regard to storing the beach
chairs. Long said " we will see that they (meaning Park
employees) will take proper. care of the chairs; that is a
part of the beach privilege." The chairs, with about three
hundred other chairs which had been used on another beach,
were stored for the winter in a part of the Head House.

It appeared that at some time in the winter a fire consumed
a large part of the Head House, in consequence of which a
contract was awarded to a contractor for the reconstruction
and alteration of the building; that the workmen of the
contractor complained to some of the employees of the board
that the chairs were a hindrance to them in their work; that
Long was spoken to about it; that he ordered the chairs
removed without notice to the plaintiff; that they were
thrown out on the beach, and after several days were found
at different parts of the beach, near the Head House, in a
broken and dilapidated condition; that after the chairs had
been thrown out of the Head House on the beach, Long,
as the result of an interview with the legal representative
of the plaintiff, issued orders to have the chairs stored in
the L Street Bath, a building under the control of the board;
and certain good chairs and frames of other chairs were
removed to that building.

For the defence, Byrne and Long each denied that he had
made any arrangement with the plaintiff or with the plain-
tiff's legal representative in reference to storage and care
of the chairs at the Head House. It further appeared that
there was no record of any contract or of any stipulation in
reference to storage and care of beach chairs; that they

were removed from the Head House for the purpose of having them transferred to the L Street Bath; and that the Head House at the time of the concession to the plaintiff was under lease to one Wanska, at an annual rental of $5,200.

Upon the facts supporting the plaintiff the order of " judgment for defendant " was right. The board under St. 1875, c. 185, was a board of public officers with authority to locate parks in the city, appoint engineers, clerks and other officers. Under St. 1897, c. 365, it had authority to grant concessions for keeping boats, carriages and other things for the accommodation of the public, for such terms and on such conditions as the board with the approval of the mayor might deem proper. The grant or concession of the city of Boston, on which the plaintiff relies, in terms imports no obligation upon the city or board to store and care for the beach chairs. Such an obligation to be legally binding on the city or board must be understandingly stated, and under the statute of 1897, *supra*, have the approval of the mayor. The agreement with Byrne and Long, whether made before, at or after the execution of the written agreement, could not add nor remove an obligation to that contract, without the authority of the board and the subsequent approval of the mayor. The statement of Long to the legal representative of the plaintiff, " We will see that . . . [the park employees] will take proper care of the chairs; that is a part of the beach privilege," cannot be added to the contract as a definition of " beach chair privilege," because no evidence or fact is reported which warrants a finding that Long had authority in this regard to speak for the board and mayor or that the board and mayor knew that either of them had attempted in the manner reported to act for the city or board.

Upon the facts reported the defendant assumed no contractual relation, express or implied, to store and care for the beach chairs of the plaintiff. No facts are found which warrant a ruling that the law imposed a duty of care on the defendant. There was no element of gain or advantage to the defendant or to the board in permitting the storage of the chairs in the Head House. The defendant is not

liable in tort for the injury to the chairs which resulted from the order of Long to remove them from the Head House. *Moynihan* v. *Todd*, 188 Mass. 301. *Kerr* v. *Brookline*, 208 Mass. 190. *Bolster* v. *Lawrence*, 225 Mass. 387, 391.

It follows that the order of " judgment for defendant," rendered in the Appellate Division of the Municipal Court, is affirmed.

*So ordered.*