LOUIS CACAVAS & others *vs.* CITY OF LYNN.

Essex. January 17, 1929. — May 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Municipal Corporations,* Liability for tort, Officers and agents. *Actionable Tort. Public Officer.*

Where all the work pertaining to the streets of a city is done by a commission on ways and drainage, whose employees are called "street department men," headed by a superintendent of streets under the commission, the city is not liable in an action of tort for damage done by those employees to personal property while, at the direction of the commission, they are effecting the widening of a street authorized by an order of the city council; the commission and the superintendent of streets in carrying out such order act as public officers and not as agents of the city.

TORT. Writ in the District Court of Southern Essex dated January 12, 1924.

Upon removal to the Superior Court, the action was tried before *Donahue,* J. Material evidence and facts agreed upon are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant, and the plaintiffs alleged an exception.

The case was submitted on briefs.

*E. C. Jacobs, E. J. Coughlin, & G. J. Tauro,* for the plaintiffs.

*P. F. Shanahan,* City Solicitor, & *J. M. Cashman,* Assistant City Solicitor, for the defendant.

CROSBY, J. This is an action to recover for the conversion of certain personal property, owned by the plaintiffs and stored in a small building at the junction of Washington Street and Traffic Road, in Lynn, in the locality known as Nahant Beach Reservation. There was evidence that the plaintiffs hired the building from one Galis and others, under a written lease, from May 30 to September 15 during the years 1921 and 1922. In 1923 the building was rented by the owners to the plaintiffs, from May 30 to September 15, the

tenancy being oral.   The plaintiffs' goods were in the build-
ing during the term for which it was so rented, and when it
expired they left the goods in the building, keeping the key
thereto.   The building is described in the record as "an ordi-
nary beach type refreshment booth."

In July, 1922, the city council of Lynn, under the pro-
visions of G. L. c. 82, as amended, adopted an order for the
taking of certain land by eminent domain owned by Samuel
Galis and others.   The taking included a portion of the land
upon which the building above described was located, part
of the building being upon other land owned by Galis and
others.   The taking was for the purpose of widening the high-
way.   On November 29, 1923, the employees of the street
department of the city of Lynn by direction of the com-
mission on ways and drainage of the city commenced the
work of widening the street.   The superintendent of streets
instructed the employees to remove the personal property
from the building and place it in a storage warehouse.   This
was done on November 29, 1923.   There was evidence from
which it could be found that in so removing the goods some
of them were scattered about the premises, that others were
damaged, and many of them were lost or carried away, and
that but a small portion was placed in storage.   After the
goods were removed, the building was demolished and the
work of widening the street was completed.

It was agreed by the parties that the present city charter
of Lynn is Spec. St. 1917, c. 340, and that it has been in effect
since January 1, 1918.   It also was agreed that under an
ordinance adopted by the city council all work pertaining to
streets in the city is performed by the commission on ways
and drainage, whose employees are called "street depart-
ment men," and the superintendent of streets "is the head
of these men" under the commission on ways and drainage;
"That the work done by the employees of the street depart-
ment at the point in question consisted in taking down a re-
freshment stand, taking out and removing back curbing and
constructing street and sidewalk at this point but the fore-
going work was done by the authority of the commission on
ways and drainage of the city of Lynn . . . that the taking

of the land in question was under the statute pertaining to eminent domain whose terms had been complied with and that entry was lawfully made upon the land taken for highway purposes.''

It is plain that the commission on ways and drainage and the superintendent of streets in carrying out the order of the city council for the widening of the street acted as public officers and that the city is not liable for the acts of negligence and misfeasance complained of. No relation of master and servant exists between the employees of the street department and the city or between the employees and the public officers above referred to, and for that reason the city is not liable. The case at bar is analogous to cases where a person is injured by reason of the negligence or misfeasance of a laborer employed by a highway surveyor, who is a public officer and is vested with certain powers and duties prescribed by statute. It was said by Bigelow, C.J., in *Walcott* v. *Swampscott*, 1 Allen, 101, 102, that the case could not be distinguished from *Hafford* v. *New Bedford*, 16 Gray, 297; that ''It was there held, that where a municipal corporation elects or appoints an officer, in obedience to an act of the Legislature, to perform a public service, in which the city or town has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of its inhabitants or of the community, such officer cannot be regarded as the servant or agent of the town, for whose negligence or want of skill in the performance of his duties a town or city can be held liable.'' It was held in that case that the town was not liable for the acts of a highway surveyor, or for acts of a person in his employment whom it did not select, and in whose employment to act in its behalf the town could have no choice. The rule as stated has been followed in many cases. *Jensen* v. *Waltham*, 166 Mass. 344. *Moynihan* v. *Todd*, 188 Mass. 301. *Johnson* v. *Somerville*, 195 Mass. 370. *Smith* v. *Gloucester*, 201 Mass. 329. *Kerr* v. *Brookline*, 208 Mass. 190. *Bolster* v. *Lawrence*, 225 Mass. 387, and cases there collected. See also *Myers* v. *Boston*, 247 Mass. 36;

*Hennessy* v. *Boston,* 265 Mass. 559. The principles enunciated in these decisions cover the case at bar in every aspect of it. The trial judge rightly directed a verdict for the defendant.

*Exceptions overruled.*