L. ADELARD BREAULT *vs.* TOWN OF AUBURN.

Worcester.    April 6, 1939. — June 29, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Auditor: report.  *Health, Board of.  Public Officer.  Municipal Corporations,* Contracts, Officers and agents.  *Words,* "May."

Conclusions by an auditor which were in essence rulings of law and were erroneous properly were disregarded by a judge who heard the case on the report without other evidence.

The board of health of a town in making a contract of employment of an agent acted as public officers under G. L. (Ter. Ed.) c. 111, § 27, and not as agents of the town, and the town had no authority to vote at a town meeting to direct them to make a contract with the agent on different terms.

CONTRACT.    Writ in the Superior Court dated April 29, 1935.

There was a finding for the defendant by *Leary, J.*

*C. E. Tupper,* for the plaintiff.

*B. T. Murphy,* for the defendant.

DOLAN, J.    This is an action of contract.    The case was referred to an auditor whose findings were not to be final. The case was later heard by a judge, before whom no evidence other than the report of the auditor was presented. The judge denied the plaintiff's motion for a finding in his favor on the report and found for the defendant, subject to the plaintiff's exceptions.

The subsidiary findings of the auditor may be summarized as follows: On January 2, 1935, the plaintiff entered into a written contract with the board of health of the defendant town, to act as full time agent for the board for the year 1935.    Under its terms the plaintiff was to receive an annual salary of $1,500, payable in weekly sums, and an allowance of $300 for the year for the use of his automobile, also payable in weekly proportions.

Under § 5 of the contract it was provided that "The employment shall terminate only after due notice of either

party given in writing, and in the event of death or total incapacity of the employee." The contract was signed by one Spaulding, the then chairman of the board of health, and by the plaintiff. At the time of the execution of the contract no appropriation had been made for payment of the sums agreed to be paid to the plaintiff, but the board was empowered by statute to expend each month until the regularly called town meeting a sum not exceeding the largest amount expended by the board in any month during the preceding year. The largest sum expended by the board in any month of the preceding year was "$197."

The annual election in the defendant town was held on February 4, 1935, and one Milne was elected as a member of the board of health to succeed Spaulding. On February 7, 1935, the annual town meeting was held, and among the items read in the report of the finance committee was the budget for the board of health which included an item of $1,500 for "agent's salary." The report recommended a total appropriation of $13,904 for the board of health for the year 1935. On February 26, 1935, the members of the board of health, by a vote of two to one, voted to dispense with the services of the plaintiff from a date two weeks thereafter, and at their direction the plaintiff, as agent, served notice upon himself of that action of the board.

A special town meeting was duly called, and was held on March 5, 1935. Article 5 of the warrant reads in part as follows: "To see if the town will vote to instruct the board of health members to employ L. Adelard Breault as a full time agent . . . at . . . [a salary] as provided for in the board of health appropriation voted for in the annual town meeting for the year 1935 . . . [The salary] to be paid out of the funds of the health department, or act relative thereto." At this meeting it was "Moved that the town vote to ratify and confirm and make retroactive from January 2, 1935, the . . . [contract] as executed by its board of health between said board and L. Adelard Breault, as agent, . . . not including the provisions as set forth in Section 5 in said . . . [contract]; and to

instruct and direct the board of health members to employ L. Adelard Breault as full time agent of the board of health . . . for the town of Auburn for the balance of the year 1935 at . . . [a salary] as provided for in aforesaid . . . [contract], said . . . [salary] to be taken from the board of health appropriation." This motion was referred to the members of the board of health as a committee.

Another special town meeting was duly called and held on March 19, 1935. Article 4 of the warrant reads in part thus: "To see if the town will vote to reconsider the action taken at the special town meeting of Tuesday March 5th, 1935, on article 5, relative to instructing the board of health members to employ L. Adelard Breault as full time agent . . . at [a salary] as provided for in the board of health appropriation voted for in the annual town meeting for the year 1935 . . . [the salary] to be paid for out of the funds of the health department, or act in any way relative thereto." It was voted to reconsider the action taken on Article 5 at the special town meeting of March 5, "relative to instructing the board of health members to employ L. Adelard Breault, as full time agent . . . at . . . [a salary] as provided for in the board of health appropriation voted for in the annual town meeting for the year 1935, . . . [the salary] to be paid for out of the funds of the board of health." Thereupon it was voted "to ratify and confirm, and make retroactive from January 2, 1935, the . . . [contract] as executed by the board of health . . . [with] said L. Adelard Breault, as agent, . . . and to exclude and revoke and rescind all provisions of section 5 in the said . . . [contract], any other action to the contrary notwithstanding, and to instruct and direct the board of health members to employ L. Adelard Breault as full time agent of the board of health, . . . for the balance of the year 1935 at . . . [a salary] provided for in the aforesaid . . . [contract], said . . . [salary] to be taken from the board of health appropriation." The members of the board of health refuse to recognize this action of the town meeting.

The ultimate or general findings of the auditor are in

substance (1) that the contract was entered into between the board and the plaintiff, it was "correctly and legally drawn," and in its execution "the board were acting as representatives" of the defendant town; (2) "that the plaintiff performed his duties in a satisfactory and commendable manner"; (3) that section 5 of the contract was rescinded by the action of the town meeting of March 19, 1935, that the members of the board had no authority "to order the plaintiff to give up his position as full time agent of said board," and that he should have been continued in his position since he had tendered his services and an appropriation had been recommended by the finance committee and voted upon at a town meeting for the salary of said agent; (4) that "the voters assembled in town meeting . . . were authorized in any action taken in regard to rescinding any vote taken by the members of the board of health in severing contractual relations with the plaintiff"; (5) that the plaintiff was ready and willing to perform the duties of the position in question; (6) that all payments made to the plaintiff for his services were made within and according to statutory requirements; and (7) that the plaintiff was entitled to recover $1,454, the balance of salary for the year 1935, with interest amounting to $230.54.

It is manifest that the ultimate conclusions of the auditor in the case at bar are merely rulings of law, and the judge by his finding for the defendant impliedly, and we think properly, disregarded the conclusions of law of the auditor as erroneous. Under the provisions of G. L. (Ter. Ed.) c. 111, § 27, the board of health were empowered to "employ the necessary officers, agents and assistants to execute the health laws and its regulations" and to "fix the salary or other compensation of such . . . agents and assistants." The attempts of the defendant to ratify the contract entered into between the plaintiff and the board of health and to direct the employment of the plaintiff by the board were ineffective. In their conduct with relation to the contract of employment of the plaintiff and in dispensing with his services under and in accordance with its terms, the mem-

bers of the board were exercising powers conferred upon them by the Legislature and were acting as public officers and not as agents of the town. *Daddario* v. *Pittsfield,* 301 Mass. 552, 558. *Adie* v. *Mayor of Holyoke, ante,* 295, 300. While the word "may" is used in said § 27, we think that the power therein conferred, although leaving much to the board's discretion, is one which is vested exclusively in the board and is to be exercised without reference to the approval or disapproval of the defendant. *Commonwealth* v. *Fahey,* 5 Cush. 408. *Commonwealth* v. *Smith,* 111 Mass. 407. *Barry* v. *Smith,* 191 Mass. 78, 88. *Johnson* v. *Somerville,* 195 Mass. 370, 378, 379. *Irwin* v. *Municipal Court of the Brighton District of the City of Boston,* 298 Mass. 158. In the exercise of the statutory authority conferred on the members of the board by § 27, no relation of agency existed between them and the defendant. "A municipality can exercise no direction or control over one whose duties have been defined by the Legislature." *Daddario* v. *Pittsfield,* 301 Mass. 552, 558, and cases cited. See also *Attorney General* v. *Stratton,* 194 Mass. 51, 54; *Adie* v. *Mayor of Holyoke, ante,* 295, 299.

It follows that the defendant could not legally instruct the members of the board as it sought to do by the vote of March 19, 1935, and could exercise no direction or control over them as to the selection of an agent whom, by the provisions of § 27, they were authorized to choose for themselves. *Walcott* v. *Swampscott,* 1 Allen, 101, 102. *Waldron* v. *Haverhill,* 143 Mass. 582, 584. *Lead Lined Iron Pipe Co.* v. *Wakefield,* 223 Mass. 485, 487. *Sherman* v. *Swansea,* 261 Mass. 407, 408–9. *Cacavas* v. *Lynn,* 267 Mass. 140, 142. See also *Oliver* v. *Gale,* 182 Mass. 39, 40. The case last cited is relied upon by the plaintiff as authority for the principle that a town may by vote of its inhabitants give directions to its board of health with relation to the making of contracts by the board. It is, however, pointed out in that case (at page 40) that the contract there under consideration concerned matters of municipal administration and was "not to be construed as referring to employ-

ment of agents of the board of health." We have examined all the other cases upon which the plaintiff has relied. In none of them is the contract involved one that could be construed to refer to the employment of agents by the board of health.

It is unnecessary to decide whether the contract entered into between the plaintiff and the members of the board of health was invalid as creating a liability, to meet which no sufficient appropriation had been made at the time of its execution. (See G. L. [Ter. Ed.] c. 44, §§ 31, 34; *McHenry* v. *Lawrence*, 295 Mass. 119, 122; *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513.) If it be assumed in favor of the plaintiff that the contract was a valid one, he is bound by its terms, to which he subscribed and in strict accordance with which his services were dispensed with. He therefore cannot be heard to complain.

*Exceptions overruled.*