RICHARD V. RUSSELL & another *vs.* TOWN OF
CANTON & others.[1]

Norfolk.   February 10, 1972. — May 5, 1972.

Present: TAURO, C.J., SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Eminent Domain,* Validity of taking, Authority for taking, Extent of
   taking.   *Municipal Corporations,* Officers and agents.   *Public Of-*
   *ficer.*

A town, by a vote at town meeting pursuant to G. L. c. 40, § 14, could
   not command its selectmen, public officers and not agents of the
   town in acting under § 14, to make a taking of land authorized
   by the vote.   [730–731]
A town meeting vote, authorizing the selectmen, under G. L. c. 40,
   § 14, to take by eminent domain a parcel of land of certain
   owners stated in the warrant to contain "20 acres, more or less"
   and in the vote to contain "approximately 18 acres" and in fact
   containing 16.75 acres, did not limit the authority conferred on
   the selectmen to a taking of the entire parcel, but authorized them
   in their discretion to take only a portion of the parcel.   [732]

BILL IN EQUITY filed in the Superior Court on April 6,
1967.

The suit was heard by *Hale,* J.

*Avram G. Hammer* (*Joseph H. Malloy* with him)  for
the plaintiffs.

*Eugene J. Galligan,* Town Counsel, for the defendants.

QUIRICO, J.   This is a bill in equity challenging the val-
idity of an order adopted by the board of selectmen
(board) of the town of Canton (town) taking by eminent
domain a portion of a parcel of land owned by the plain-
tiffs.   The bill seeks money damages and specific affirma-
tive relief against the town, the board, and the treasurer
and superintendent of the department of public works of
the town.   The case is before this court on the plaintiffs'
appeal from a final decree of the Superior Court dismiss-
ing the bill.

The case was submitted to the trial judge for decision

[1] The plaintiffs are Richard V. Russell and William C. Russell.  The
defendants are the town of Canton, its board of selectmen, its super-
intendent of the department of public works, and its treasurer.

on a written agreement on most of the facts of the case, but in addition thereto there was testimony from one witness covering parts of about twelve pages of a transcript which the judge ordered reported to this court. The parties made no request that the judge report any material facts found by him on the basis of this oral testimony, and he made no voluntary report of any such findings. The only issue presented for our decision is whether the board's order of taking is invalid because, although the town authorized the taking of all of the plaintiffs' land, the board took slightly less than all of it.

We summarize the pertinent facts. On March 21, 1932, the plaintiffs purchased a parcel of land consisting of about twenty-two acres located on Pine Street and Bailey Street in Canton. By deeds dated July 5, 1932, and January 23, 1964, they conveyed a total of 4.86 acres fronting on Pine Street to the town for use as a dump. Their remaining 16.75 acres of land fronted in part on Pine Street and in part on Bailey Street.

The warrant for the annual town meeting held on March 9, 1964, included the following article: "Article 19. To see if the Town will vote to authorize the Board of Selectmen to lease, purchase or take by eminent domain 20 acres, more or less, of land adjacent to the Town Dump on Pine Street, . . . to vote to raise and appropriate a sufficient sum of money to provide for the payment of [the] same, or [to] take any other action in relation thereto." The town meeting unanimously voted: "That this Article [19] be adopted and the sum of $36,000 be raised and appropriated from the tax levy of the current year for the purpose of acquiring by eminent domain or by purchase, approximately 18 acres of land,[2] located between Pine and Bailey Streets, adjacent to the Town Dump and owned by William C. and Richard V. Russell;

---

[2] The statement of agreed facts stated that "on May 22, 1964, and for a long period of time prior thereto," the plaintiffs' land "contained precisely 16.75 acres." The record does not reconcile or otherwise explain the difference between that agreement and the reference to "20 acres, more or less," in the warrant, and "approximately 18 acres" in the town meeting vote.

said land to be used for the purpose of extending the present dump on Pine Street; and that the Selectmen are herby authorized and directed to acquire the above described land in accordance with the terms of this vote."

On May 22, 1964, the board, acting pursuant to the town meeting vote, unanimously adopted an order taking in fee simple, by eminent domain (under G. L. c. 79), 15.25 acres of land "for the purposes of extending and maintaining the present municipal dump located on Pine Street," and awarding to the plaintiffs the sum of $30,500 in damages plus a tax allowance. The order described the land taken as follows: "The land in Canton, Norfolk County, Massachusetts, located between Pine and Bailey Streets and shown as an area of land containing 15¼ acres of land on a plan to be recorded herewith . . . ." The order and plan were duly recorded in the registry of deeds and a copy thereof sent to the plaintiffs with a notice that the taking had been made. A copy of the plan accompanies this opinion.

The plaintiffs have at all times refused to accept any portion of the damages awarded to them by the town. Since the date of the taking, the town has continuously used as a town dump the 15.25 acres taken from the plaintiffs. The plan referred to in the order of taking shows a lot stipulated to contain 1.5 acres fronting on Bailey Street for a distance of 249 feet and identified by the legend "William C. & Richard V. Russell." Although this was a part of the larger tract owned by the plaintiffs, it was not included in the order of taking of May 22, 1964, and has not been taken by the town for any purpose.

The town's superintendent of the department of public works gave uncontradicted testimony that the 1.5 acre lot "rose rapidly as solid ledge . . . to a point about 80 feet from the street, and some twenty feet higher than the street, and then sloped off to the rear of the property," that the elevated part of the lot "was all rock," and that to provide a vehicular access twenty-six feet wide across that lot to the land taken would require the removal of 1,000 cubic yards of ledge.

The plaintiffs contend that the only authority which the town meeting vote gave to the selectmen was to take all of their land, and that therefore the taking of only 15.25 out of 16.75 acres was invalid. We do not agree.

1. The plaintiffs recognize (a) that by art. 10 of the Declaration of Rights of Massachusetts their property may properly be taken from them and applied to a public use, subject to their right to reasonable compensation therefor, (b) that the town's use of the property as a public dump is a public use within the meaning of art. 10, (c) that by enacting G. L. c. 40, § 14,[3] the Legislature has delegated the right to exercise the power of eminent domain to take land required for municipal purposes, and (d) that before the selectmen adopted the order taking a part of their property the town had unanimously voted to authorize a taking and had appropriated funds for the purpose.

2. One argument made by the plaintiffs is that the town vote expressly directed the board to take all of their land, and that the board had no discretion to take less than all of it. This argument is without merit. The selectmen are public officers whose powers and duties with reference to eminent domain are fixed by statute. It is questionable whether a town meeting vote can operate to direct or command them in the discharge of their duties. In *Lead Lined Iron Pipe Co.* v. *Wakefield*, 223 Mass. 485, 486, the town voted "[t]hat the Board of Selectmen be instructed to employ a competent engineer who shall be a practical road builder, as Superintendent of Streets." When the effect of the vote was questioned, we said, at

---

[3] General Laws, c. 40, § 14, as appearing in St. 1933, c. 283, § 1, provides: "The . . . selectmen of a town may purchase, or take by eminent domain under chapter seventy-nine, any land, easement or right therein within the . . . town not already appropriated to public use, for any municipal purpose for which the purchase or taking of land, easement or right therein is not otherwise authorized or directed by statute; but no land, easement or right therein shall be taken or purchased under this section unless the taking or purchase thereof has previously been authorized . . . by vote of the town, nor until an appropriation of money . . . has been made for the purpose . . . by a two thirds vote of the town . . . ."

p. 487: "The vote of the town if more than advisory was void." In *Breault* v. *Auburn*, 303 Mass. 424, the town voted to direct its board of health to employ as its agent one whom it had previously discharged from that position. We held the vote ineffective and said, pp. 427–428: "In their conduct with relation to the contract of employment of the plaintiff and in dispensing with his services . . . the members of the board [of health] were exercising powers conferred upon them by the Legislature and were acting as public officers and not as agents of the town. . . . [W]e think that the power . . . [to employ the necessary officers, agents and assistants to execute the health laws and its regulations], although leaving much to the board's discretion, is one which is vested exclusively in the board and is to be exercised without reference to the approval or disapproval of the defendant [town]." [4]

We hold that the town could authorize the selectmen to take real estate by eminent domain, but that it could not direct or command them to do so. Although G. L. c. 40, § 14, requires that before land is taken by eminent domain the taking be authorized by a vote of the town, it vests the power to make the taking in the selectmen of the town. There is nothing in § 14 which makes such an authorization binding on the selectmen, or which prevents them from exercising their discretion and sound judgment in deciding whether to make a taking pursuant to the authorization. If the selectmen, being authorized by the town to make a taking, do not make it, the decision is not judicially reviewable as to its wisdom.

---

[4] Similar holdings appear in numerous decisions of this court relating to public officers. In *Walcott* v. *Swampscott*, 1 Allen 101, 102, involving surveyors of highways, we said: "They are, strictly speaking, public officers, clothed with certain powers and duties which are prescribed and regulated by statute. Towns cannot direct or control them in the performance of these duties; . . . they are not amenable to towns for the manner in which they discharge the trust reposed in them by law." This was repeated in *Waldron* v. *Haverhill*, 143 Mass. 582, 584, as to surveyors of highways, and again in *Attorney Gen.* v. *Stratton*, 194 Mass. 51, 54, as to members of a board of health. In *Daddario* v. *Pittsfield*, 301 Mass. 552, 558, we said: "A municipality can exercise no direction or control over one whose duties have been defined by the Legislature."

3. The plaintiffs argue, in the alternative, that if the town vote was not a directive, but an authorization, it authorized only the taking of their entire property and did not authorize the selective taking of the portion which the board took. This argument is likewise without merit. It is not supported by anything in the warrant or the vote of the town. Neither expressly limits the power of the board to a taking of the entire parcel owned by the plaintiffs. Rather, each purports to estimate the area authorized to be taken, the warrant by the words "20 acres, more or less," and the vote by the words "approximately 18 acres." Both estimates exceeded the area which the plaintiffs actually owned at the time, viz. 16.75 acres. We express no opinion on the question whether a town's authorization for a taking may, by appropriate language, be ·expressly limited to or conditioned upon the taking of the entire parcel authorized to be taken, for this was not attempted in the case before us. Here, the 15.25 acres covered by the board's taking are admittedly included in and a part of the parcel described by more general language in the warrant and the town vote. Thus the board took no land which was not covered by the authorization in the town vote.

Accordingly, on the limited facts of this case, we hold that the board's taking was authorized by the town vote and was in all respects valid. If the plaintiffs' entire parcel had been taken, their damages would have been "fixed at the value thereof before the recording of the order of taking"; but since only part of the parcel was taken, their damages will include not only the value of the part taken, but also "damages for all injury to the part not taken caused by the taking or by the public improvement for which the taking is made." G. L. c. 79, § 12, as amended. See *Wright* v. *Commonwealth*, 286 Mass. 371, 373; *Kinney* v. *Commonwealth*, 332 Mass. 568, 572. The decree dismissing the plaintiffs' bill is affirmed, with costs of appeal.

*So ordered.*