Henry, Bruce R., J.
Before the Court is the motion of the defendants to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. As grounds for the motion, the defendants assert that the Board of Selectmen (the Board) is not legally obligated to follow the direction of the Town Meeting when it involves an executive function. After hearing and consideration of materials submitted by the parties, the motion to dismiss is ALLOWED.
Background
The plaintiff alleges that the Town Administrator and the Board have failed to make payment for legal fees as instructed by a vote of the Town Meeting. The legal fees were incurred in a separate civil action brought by the Finance Committee of the Town of Webster and ten taxpayers of the Town of Webster, who were members of the Screening and Finance Committee, against the Board of Selectmen of the Town of Webster. On May 8,2006 and June 12,2006, the Town Meeting met and voted on an article that read:
To see if the Town will vote to authorize the payment of legal fees incurred by the Screening and Finance Committee relating to the suit filed against the Board of Selectmen. A “yes” vote would direct the Town Administrator and/or the Board of Selectmen to approve the payment in the amount of $17,869.25 and said vote is binding and not an advisory vote; or take any action thereon.
The article was passed by a vote of one hundred twenty-four (124) yes votes against sixty-five (65) no votes. The Board has refused to make payment as directed by the article.
Named as defendants are the following members of the Board of Selectmen of the Town of Webster: Mark Dowgiewicz, Debra Keefe, Robert Miller, Irene Martel and Charles Cormier. Also named as a defendant is Raymond W. Houle, Jr. in his capacity as Town Administrator.
The plaintiff has brought this action for mandamus to compel the Town to pay the legal fees directed by aforementioned warrant. The defendant has now moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.
Discussion
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this Court must accept as true the well pleaded factual allegations of the complaint and make all reasonable inferences which may be drawn in the plaintiffs favor. Fairney v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1981). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Cintron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A writ of mandamus is appropriate to compel the performance by a public officer of his official duty. Knights v. Burrell 236 Mass. 336, 337 (1920). It lies only against a public official performing non-discretionary acts. Channel Fish Co. v. Boston Fish Mkt. Corp., 359 Mass. 185, 188 (1971). Relief in nature of mandamus does not lie to compel the officer to exercise his/her judgment or discretion in a particular way. Urban Transport, Inc. v. Mayor of Boston, 373 Mass. 693, 698 (1977).
The defendants assert that the complaint should be dismissed because mandamus may not be granted to compel the Board to perform a discretionary act when ordered by the Town Meeting. The defendants contend that according to the Bylaws of the Town of Webster, §90, appointment of legal counsel to represent the town must be made by the Town Administrator or the Board. Because of this, the defendants argue that the Screening and Finance Committees had no independent authority to hire special legal counsel. The Bylaws state in §90.3 that “The Town Counsel shall, unless otherwise directed by the Selectmen, prosecute all suits ordered to be brought by the Town, or defend suits brought against the Town or its officers in their official capacity.” Further, in §90.4 it is stated that “Access to the Town Counsel shall only be granted by *348 the Board of Selectmen or by the Town Administrator, should the Board vote to delegate this authority to the Town Administrator.” It appears clear that the appointment of counsel is exclusively within the power of the Board and Town Administrator and that it is safely within the discretion of the Board to appoint outside counsel. The Board asserts that it did not authorize the Screening and Finance Committees to hire special legal counsel. The plaintiff contends that the article passed by the Town Meeting was intended to compel payment of legal fees, not the appointment of counsel; however, it is clear that the bylaw is intended to give the Board control over the expenditure of Town funds for independent counsel.
The defendants argue that the Board is not legally obligated by the resolution of the Town Meeting to approve payment of legal fees made without its authorization. Precedent supports this position. While it is the job of the legislative body to create and enact laws, certain restrictions are placed on that power. A legislative body cannot compel the executive when the executive is acting within its exclusive power. See Anderson v. Board of Selectmen of Wrentham, 406 Mass. 508 (1990) (Selectmen not bound by town meeting vote purporting to set the Town’s rate of contribution for group insurance benefits); Russell v. Canton, 361 Mass. 727 (1972) (town meeting could authorize the board of selectmen to take land by eminent domain, but could not direct how much was to be taken); Breault v. Auburn, 303 Mass. 424 (1939) (town meeting vote directing the board of health to hire an employee was ineffective because it was a power conferred on board); Lead Lined Iron Pipe v. Wakefield, 223 Mass. 485 (1916) (town vote directing the board of selectmen to hire an engineer was void). When the Board acting as the executive possesses the exclusive, discretionary power to appoint special legal counsel, the Town Meeting acting as the legislature cannot compel the Board to make payment for legal expenses incurred without the prior authorization of the Board. See Board of Public Works of Wellesley v. Board of Selectmen of Wellesley, 377 Mass. 621, 630-31 (1979) (town meeting vote to authorize the payment for legal fees incurred by the counsel representing the board of public works was invalid because the town bylaws conferred this power exclusively to the board of selectmen).
The defendants also assert that the warrant of the Town Meeting fails to identify a funding source for the appropriation. An appropriation made for work that has been completed is invalid. Jenney v. Town of Mattapoisett, 335 Mass. 673, 675 (1957).
Conclusion
An act of mandamus cannot be used to compel a discretionary act. The Bylaws state that the appointment of counsel is within the sole discretion of the Board and Town Administrator. For this reason, the complaint seeking a writ of mandamus is DISMISSED.
ORDER
The plaintiffs complaint is DISMISSED.